# No. 24-288

*In* THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## Mary Ann Dudzinski,

*Plaintiff-Appellant,*

*v.*

## Kohl's, Inc., DBA Kohl's Department Stores

*Defendant-Appellee,*

*On Appeal from*
THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

## **Appellant's Brief**

Alexander T. Taubes, Esq.
LAW OFFICES OF
ALEXANDER T. TAUBES, PLLC
470 James Street, Suite 007
New Haven, CT 06513
Tel. 203-909-0048
Email: alextt@gmail.com
*Counsel of Record*

# TABLE OF CONTENTS

Table of Contents.........................................................................ii

Table of Authorities ...................................................................ii

Preliminary Statement ................................................................ 1

Jurisdictional Statement ............................................................. 1

Issues Presented.......................................................................... 2

Standard of Review ..................................................................... 3

Statement of the Case.................................................................. 3

Summary of Argument................................................................. 9

Argument .................................................................................. 12

    I.      THE TRIAL COURT ERRED BY FINDING THE DEFECT

             "OPEN AND OBVIOUS" AS A MATTER OF LAW. ........................... 12

    II.      EVEN IF THE DEFECT WAS "OPEN AND OBVIOUS," OBVIATING A

             DUTY TO WARN, KOHL'S HAD A DUTY TO REMEDY THE DEFECT

             TO PREVENT FORESEEABLE INJURY. ............................................ 19

Conclusion................................................................................. 23

Certification.............................................................................. 26

# T<small>ABLE OF</small> A<small>UTHORITIES</small>

*Dzenutis v. Dzenutis*,

    200 Conn. 290 (1986) ................................................................. 14, 18

*Eady v. Dollar Gen. Corp.*, 2021 Conn. Super. LEXIS 1258

    (Conn. Super. Ct. Aug. 4, 2021) .......................................... 15, 16, 17

*Fleming v. Garnett*,

    231 Conn. 77 (1994) .......................................................... 9, 14, 19, 21

*Gargano v. Azpiri*,

    110 Conn.App. 502 (2008).......................................................passim

*Gatzki v. Shafer*, 40 Conn. L. Rptr. 521, 2006 Conn. Super. LEXIS 4

    (Conn. Super. Ct. Jan. 3, 2006) ................................................. 15, 17

*Hartmann v. Black & Decker Mfg. Co.*,

    16 Conn.App. 1 (1988)................................................................ 10, 21

*Kopjanski v. Festa*,

    160 Conn. 61 (1970) ......................................................................... 21

*Kraus v. Newton*,

    14 Conn.App. 561 (1988)................................................................. 12

*Legasse v. Amabile*, CV99-0151784, 2001 Conn. Super. LEXIS 1504

    (Conn. Super. Ct. May 30, 2001)................................................... 16

*Meek v. Wal Mart,*

    72 Conn.App. 467 (2002)............................................................ 22, 23

*Moreno-Godoy v. Kartagener,*

    7 F.4th 78 (2d Cir. 2021) ................................................................. 3

*Nistico v. Stephanak,*

    140 Conn. 547 (1954) ..................................................................... 15

*Warren v. Stancliff,*

    157 Conn. 216 (1968) ................................................................ 12, 13

*Welsh v. Stop & Shop Supermarket Co.,* FBT-CV19-6090354-S,

    2021 Conn. Super. LEXIS 1778 (Conn. Super. Ct. Oct. 18, 2021)............... 17

iv

## PRELIMINARY STATEMENT

Plaintiff-appellant, Mary Ann Dudzinski ("Ms. Dudzinski" or "plaintiff"), appeals a district court's ruling granting summary judgment to defendant-appellee, Kohl's, Inc. ("Kohl's" or "defendant"). Ms. Dudzinski argues that the district court erred by concluding that no genuine issues of material fact exist and by concluding that the defendant had no duty to the plaintiff. Because a reasonable jury could find in plaintiff's favor on her negligence premises liability claim, this Court should reverse and remand.

## JURISDICTIONAL STATEMENT

This case was brought in common law negligence in Connecticut state court. Defendant-appellee removed the case to the U.S. District Court for the District of Connecticut, which had diversity jurisdiction under 28 U.S.C. § 1332. The District Court granted defendant-appellee's motion for summary judgment and entered judgment on January 25, 2024. Plaintiff-appellant timely filed a notice of appeal from the decision. This Court has jurisdiction under 28 U.S.C. § 1291.

1

## ISSUES PRESENTED

In this Connecticut law premises liability case premised on diversity jurisdiction, did the district court err in concluding that there were no genuine disputes of material fact, and that defendant-appellee was entitled to judgment as a matter of law?

Specifically, whether:

(1)    A genuine dispute of material fact exists as to whether the allegedly dangerous and defective condition of the property was "open and obvious" such that the district court erred by concluding it was "open and obvious" as a matter of law?
[pp. 12-19]

(2)    Even if the trial court correctly concluded that the dangerous condition was "open and obvious" as a matter of law, whether the district court erred by concluding that the defendant therefore had no duty to the plaintiff as a matter of law? [pp. 19-23]

2

## STANDARD OF REVIEW

This Court reviews *de novo* a district court's grant of summary judgment. *Moreno-Godoy v. Kartagener*, 7 F.4th 78, 84 (2d Cir. 2021). "Summary judgment is properly granted when there is no genuine issue of material fact and one party is entitled to judgment as a matter of law." *Id.* "[I]n assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is brought." *Id.*

## STATEMENT OF THE CASE

### I.    Summary of the January 16, 2020 Incident at Kohl's

Ms. Dudzinski, a 5-feet 2-inch woman in her late eighties, was shopping at her local Kohl's department store for a spatula. JA39, JA53.

Kohl's had a spatula. Ms. Dudzinski found one hooked on a shelf. But the spatula was just out of reach for her. JA53.

Ms. Dudzinski looked for assistance from Kohl's employees. She walked around and looked for a few minutes. No one was found. *Id.*

Ms. Dudzinski also looked for something, like a step stool or a hook, that could assist her in getting the spatula. Nothing was found. JA80.

3

The bottom of the spatula appeared to be within Ms. Dudzinski's reach. Ms. Dudzinski "looked at the spatula, and I said, well, I think I could reach it, and I went up to get it, and then I came down and I fell." JA53. Ms. Dudzinski testified that she reached up with her right hand, *id*., and jumped to reach it. JA56. When Ms. Dudzinski came down, she lost her balance, and she fell on her left leg. *Id.*

The fall shattered Ms. Dudzinski's left femur, requiring surgery to insert a metal rod, screws in her hip, and screws in her knees to hold in the rod. JA61.

Ms. Dudzinski testified that if the spatula had been placed lower, she never would have lost her balance and fell. JA80. If Ms. Dudzinski had any tool or item she could have used to dislodge the spatula, she would not have fell. *Id.* Ms. Dudzinski made reasonable efforts to gain that assistance before she reached up for the spatula. But no one from Kohl's was around to help her before the incident occurred. *Id.*

## II.        The Parties' Expert Opinion Evidence

Ms. Dudzinski retained an expert engineer, James D. Parry, to opine on the fall at the Kohl's. *See* JA23 (Parry Report); JA82 (Parry Deposition). Mr. Parry reviewed photographs taken from the Kohl's, *e.g.*, JA26, JA28-

4

JA31, documents exchanged by the parties, JA33-35, Ms. Dudzinski's testimony, JA36 (Dudzinski Deposition), and inspected the area of the fall.

Mr. Parry's report shows that the placement of the spatula creates a perception that it is close enough that shoppers like the plaintiff might try to reach for it themselves. JA123-124.

Mr. Parry opined that Kohl's knew or should have known that items like the spatula at issue in this case "were not within reach for customers shorter than about 5-feet, 4-inches." JA32.

Mr. Parry noted that Kohl's "did not provide any warning signs for customers to seek assistance for items that were mounted out of their reach." JA32.

Mr. Parry also observed that Kohl's failed to provide "safe and appropriate stepping stools for accessing higher mounted items on the wall." JA32.

Mr. Parry opined that Kohl's failed to provide "adequate staffing to readily assist customers who needed help to reach a product." *Id.*

Mr. Parry observed that Kohl's failed to "have a written policy on the maximum height of wall mounted merchandise." *Id.*

Finally, Mr. Parry opined that Kohl's failures "caused some of their customers to take unnecessary risks in attempting to get items that were

placed 'out of reach.'" If Kohl's had appropriately mounted the spatula, provided a warning, provided a stepping stool, or provided adequate staffing, Mr. Parry opined, "this injury would not have occurred." *Id.*

Kohl's also retained an expert engineer, Jeffrey A. Cissell, to opine on the fall. JA132 (Cissell Report); JA136 (Cissell Deposition).

Mr. Cissell acknowledged that a premises need not violate a code or regulation to be considered unreasonable or unsafe. He further acknowledged that a lack of safety can be shown by interaction between a business's operations and so-called "human factors." In other words, he acknowledged that the way a business has designed or created its premises may render the premises unreasonably unsafe, because of the manner that customers perceive the design. JA148.

But although Mr. Cissell concluded that the plaintiff was the cause of her own fall, Mr. Cissell neither inspected the area of the fall, JA173, nor considered human factors in relation to her fall, JA171, such as how the placement of the spatula may have been perceived, JA197.

### III.       The Defendant's Motion for Summary Judgment

The defendant filed a motion for summary judgment. JA16. First, the defendant argued that "[t]here is no evidence that the positioning of the kitchen spatula violated any known standard, code, or regulation." Second,

6

the defendant argued that "the position of the spatula at the store was an open and obvious condition which the plaintiff knew of before attempting to reach it." Thus, the defendant argued, "[a]s the placement of the spatula was not defective and the plaintiff was aware of it, the defendant is entitled to judgment as a matter of law." Plaintiff timely filed an objection, memorandum of law, statement of facts, and exhibits.

## IV.        The Trial Court's Memorandum of Decision

The trial court's memorandum of decision, JA285-297, noted that under Connecticut law, premises liability is a species of negligence, and negligence has four elements: duty; breach; causation; and damages.

The trial court observed that a business owner in Connecticut owes its invitees, such as Ms. Dudzinski in this case, a duty to "keep its premises in a reasonably safe condition," *Baptiste v. Better Val-U Supermarket, Inc.*, 262 Conn. 135, 140 (2002), and to "warn an invitee of dangers that the invitee could not reasonably be expected to discover," *LaFlamme v. Dallessio*, 261 Conn. 247, 251 (2002).

The trial court rejected the first argument in Kohl's motion for summary judgment. JA291-JA293. The trial court noted that no violation of a statute or regulation is required to find that a spatula's placement was dangerous and defective. JA291-JA292. The court "decline[d] to hold as a

7

matter of law that displaying merchandise at any particular height above the ground is not a dangerous condition." JA292. Concluding that "[a] finder of fact would be entitled to apply common sense and the evidence . . . to determine whether the placement of the spatula on the wall was unreasonably dangerous," JA293, the trial court denied the defendant's motion for summary judgment on that ground.

The trial court, however, granted the motion for summary judgment because "[a]ssuming that the placement . . . [was] unreasonably dangerous . . . that defect was open and obvious to" Ms. Dudzinski. JA293-JA297. In granting the motion, the trial court noted Connecticut law that states that where a dangerous condition is open and obvious to a plaintiff, the defendant need not warn of the danger. JA293.

Because, the trial court concluded, Ms. Dudzinski "was aware of the placement of the spatula and aware that it was out of her reach," JA296, "knew where the spatula was and saw how high it was," *id.*, "made some effort to enlist help," *id.*, but ultimately "chose to jump for the spatula," *id.*, the trial court concluded that "the placement of the spatula was open and obvious to the plaintiff." *Id.* The trial court therefore granted the motion for summary judgment on that ground. JA297.

The plaintiff timely appealed. JA299.

8

## SUMMARY OF ARGUMENT

In this Connecticut state law premises liability case, the district court erred by granting summary judgment for the Kohl's store on the ground that the alleged property defect was "open and obvious" as a matter of law. The question of whether a property defect is "open and obvious" is a matter of fact. And what must be open and obvious is not only the defect, but the full extent of the defect's danger. Where, as here, reasonable minds could disagree about the openness and obviousness to the plaintiff of the danger posed by a product shelved out of reach to her, the question of openness and obviousness should have been left for the jury to decide. Accordingly, the trial court erred by granting summary judgment because whether the defect was "open and obvious" was inappropriate to resolve as a matter of law.

But even if the trial court correctly concluded that the defect was "open and obvious," the trial court's ruling overlooked a key principle of Connecticut law. "[O]nly the duty to *warn* is obviated by the open and obviousness of a defect." *Gargano v. Azpiri*, 110 Conn.App. 502, 508 (2008), citing *Fleming v. Garnett*, 231 Conn. 77, 84 (1994). "[E]ven if the allegedly defective nature of the [spatula's placement] was found by the jury to be open and obvious to the plaintiff, a finding of negligence was still possible

9

predicated on the plaintiff's other allegations of negligence." *Hartmann v. Black & Decker Mfg. Co.*, 16 Conn.App. 1, 9 (1988).

Because "a possessor of land has a duty to maintain the premises in a reasonably safe condition, despite the openness and obviousness of a defect of which an invitee has knowledge," *Gargano*, *supra*, the trial court erred by concluding that if the defendant had no duty to warn the plaintiff, the defendant had no duty at all to the plaintiff, and therefore granting summary judgment on that basis.

Even if Kohl's had no duty to warn the plaintiff of the dangerous condition in this case, Kohl's had a duty to remedy a dangerous condition to prevent foreseeable injury – regardless of how open and obvious the condition was to the plaintiff. It was undisputed that injury was a foreseeable result of having the spatula hung so high without anything to assist customers to reach it. At the very least, a reasonable jury could credit the plaintiff's expert who so opined. The trial court erred by overlooking that the defendant had a duty to the plaintiff separate from the duty to warn.

Kohl's was negligent in many ways other than their alleged negligent failure to warn. Kohl's failed to safely place the spatula within reach of customers, failed to provide a stepping stool or other tool to get the

10

product down, and Kohl's failed to provide adequate staffing to assist customers like Ms. Dudzinski who needed help reaching high items. Ms. Dudzinski's testimony and her expert's testimony were sufficient to raise a genuine dispute of material fact as to Kohl's liability for Ms. Dudzinski's fall.

The trial court never considered whether a reasonable jury could find for the plaintiff on plaintiff's specifications of negligence, because it ruled that the defendant had no duty to the plaintiff. It concluded there was no duty to the plaintiff because the alleged defect was "open and obvious." This was error under Connecticut law. "Open and obvious" is not a complete bar to premises liability in Connecticut. Because the defendant had a duty to the plaintiff to maintain its premises reasonably safe, even if the alleged property defect was open and obvious to the plaintiff, the trial court's summary judgment should be reversed and remanded.

# ARGUMENT

### I.    The trial court erred by finding the defect "open and obvious" as a matter of law.

A reasonable jury could disagree about whether the dangerous condition in this case was "open and obvious," which would relieve Kohl's of the duty to warn about it. Because the plaintiff's evidence raises a genuine dispute of material fact, the trial court's ruling should be reversed on this ground.

### A.    The "open and obvious" doctrine.

It is easy to see why a property owner has no duty to *warn* about an "open and obvious" danger. One does not need to be warned about something they already know about. Thus, "[t]he failure to warn an invitee of something [s]he already knows is without legal significance." *Warren v. Stancliff*, 157 Conn. 216, 220 (1968). The essence of the rule is that a warning about something "so obvious to [her] . . . that [she] may be expected to discover them is *unnecessary*." *Kraus v. Newton*, 14 Conn.App. 561, 568-69 (1988) (citing, *inter alia*, Restatement (Second) of Torts § 343A & cmt. e) (emphasis added).

Whether a dangerous condition is "open and obvious" is a question of fact for the trier of fact. In the leading case in Connecticut,: a plaintiff knew that a driveway was in an icy condition, because "he saw ice on the

driveway before it snowed." But, because at the time of the plaintiff's accident, "snow covered the ice," the ice was no longer "open and obvious." *Warren*, 157 Conn. at 220-21.

Thus, where "there [is] room for reasonable disagreement as to whether the plaintiff was or should have been aware of the [dangerous] condition just before his fall, the jury and not the trial judge should . . . determine[] whether the defendant had a duty to warn the plaintiff . . . ." *Id*. Where reasonable disagreement exists as to the apparentness of a dangerous condition, openness and obviousness go to the jury.

**B.    Relevant Connecticut precedent applying the doctrine.**

In *Warren*, *supra*, the Connecticut Supreme Court concluded that the trial court "committed error by withdrawing from the jury the question of the defendant's duty to warn of the slippery condition," 157 Conn. at 221, even though the plaintiff knew the driveway was icy before it snowed.

It is important to clarify what needs to be "open and obvious." It is an inquiry into the plaintiff's knowledge. Obviously, the plaintiff need to be more than just familiar with the property in general. It needs to be shown that the plaintiff knew, or should have known, about the specific dangerous condition at issue. This is usually shown through prior experience with that dangerous condition itself. The dangerous condition

13

needs to be openly and obviously *dangerous*. The openness and obviousness of the danger, and what the plaintiff knew or should have known about it, is the center of the inquiry.

Accordingly, where a jury reasonably could conclude that the plaintiff "was unaware *of the full extent of the danger*," *Fleming*, 231 Conn. at 85 (emphasis added), the question of openness and obviousness is properly left to the jury. *See also Dzenutis v. Dzenutis*, 200 Conn. 290, 306 (1986) ("Even if the testimony were clear that Thomas had observed the very bucket that he tripped upon, or the tar that it contained, it would remain a question for the jury . . . ."). Where a danger is visible, but its full danger is not apparent immediately before the injury, the openness and obviousness of that danger is a question for the factfinder.

**C.  Application of the "open and obvious" rule**.

The trial court made the same type of error as the trial court in *Warren* by taking the question of the defendant's duty to warn away from the jury. The trial court concluded that the plaintiff knew of the condition of the spatula before she reached for it and fell. But while the plaintiff knew that the spatula was above her when she reached up and jumped for it, how openly and obviously dangerous the spatula's placement was is a

question for the jury to decide. The trial court improperly took that question from the jury and should be reversed.

Demonstrating room for disagreement sufficient for a triable issue under Connecticut law is not a high bar. "[Q]uestions of fact [exist] if there is any evidence reasonably justifying their submission to the jury," *Nistico v. Stephanak*, 140 Conn. 547, 550 (1954), and "[t]hey are questions of law only when the state of the evidence is such that the minds of fair and reasonable [people] could reach but one conclusion." *Id.*

In the cases relied on by the trial court and the defendant's motion for summary judgment, "the plaintiff was shown to have a general familiarity with the condition or knowledge of the condition for an appreciable amount of time prior to the accident." *Eady v. Dollar Gen. Corp.*, 2021 Conn. Super. LEXIS 1258, *8-*9 (Conn. Super. Ct. Aug. 4, 2021) (citing and quoting *Gatzki v. Shafer*, 40 Conn. L. Rptr. 521, 2006 Conn. Super. LEXIS 4 (Conn. Super. Ct. Jan. 3, 2006). This means that the plaintiff needed to not only be familiar with the Kohl's store in Orange, Connecticut; or to know where the spatula was in the store; but she needed to have knowledge of the dangerousness of the placement of the spatula immediately before her injury for it to be "open and obvious" as a matter of law.

15

Here a reasonable jury could have concluded that Ms. Dudzinski did not realize any danger in her first interaction with this Kohl's spatula—or, as her expert opined, that the placement of the spatula made it seem within reach, when it was not. JA122-124. Accordingly, the trial court was incorrect to take the question of openness and obviousness away from the jury.

In *Eady*, *supra*, for instance, the plaintiff was injured when she tripped and fell on a stack of chairs that she had already "squeezed past" to get to other merchandise. It was on the plaintiff's way back "that she fell on the same stack of chairs she had squeezed through prior thereto." Having squeezed through the chairs once, the plaintiff was aware not only of the location of the chairs, but also of whatever dangerousness she claimed about the chairs. This case, in which the plaintiff fell the first time she reached for the spatula, is distinguishable.

In *Legasse v. Amabile*, CV99-0151784, 2001 Conn. Super. LEXIS 1504 (Conn. Super. Ct. May 30, 2001), the dangerous condition was a grassy slope where the plaintiff tripped and fell. It was undisputed that, despite the plaintiff being aware that the grassy slope was dangerous, the plaintiff "continued to use it as a means of ingress and egress to the house," many times before the injury. This case is distinguishable from *Legasse* for the

16

same reason it is distinguishable from *Eady*, because it is undisputed that the plaintiff had never reached for this spatula before.

Also, in neither *Eady* nor *Legasse* did the plaintiff have the benefit of expert testimony, like the plaintiff has presented in this case.

This case is closer to *Gatzki*, where the plaintiff tripped over a downed power line, or *Welsh v. Stop & Shop Supermarket Co.*, FBT-CV19-6090354-S, 2021 Conn. Super. LEXIS 1778 (Conn. Super. Ct. Oct. 18, 2021), where the plaintiff tripped and fell over a stock cart in the produce aisle.

In both cases the defendant moved for summary judgment on the ground that the alleged defect was open and obvious.

A downed power line and a stock cart seem open and obvious, like a hanging spatula.

But in both *Welsh* and *Gatzki* the trial court denied summary judgment. In *Gatzki* and in *Welsh*, the record left "room for reasonable disagreement as to whether the plaintiff was or should have been aware of the condition just before [her] injury," and so the question of openness and obviousness was left for the jury.

The same should have been true here, and the trial court erred by deciding the "open and obvious" issue as a matter of law.

17

In this case, the unreasonably dangerous condition was the placement of the spatula, without any step stool, hook, or staff to assist customers in reaching it. The spatula's placement invited the customer to make efforts to get it themselves, with the bottom of the spatula dangling closer to where the plaintiff stood than the top, which was where it was fastened. JA199. The trial court correctly concluded that the unreasonably dangerous condition of the spatula's placement was an issue for the jury. JA291-293.

As the plaintiff's expert opined, the unreasonably high placement of the spatula made it "hard for customers to access these materials without taking a slight risk . . . . What they did requires more sales staff in order to support those kind of needs." JA114. Accordingly, that the spatula was above the plaintiff was known to the plaintiff, but it was not so obvious or apparent that it was dangerously out of reach, or that attempting to reach for the spatula with a little hop or jump was unreasonably dangerous. JA122-125.

At the very least, reasonable minds could disagree about what the plaintiff knew or should have known about the dangerous condition of the spatula when she tried for it after trying to find help. *Cf. Dzenutis*, 200 Conn. at 306 ("Even if the testimony were clear that Thomas had observed

18

the very bucket that he tripped upon, or the tar that it contained, it would remain a question for the jury . . . ."); *Fleming*, 231 Conn. at 85 ("[T]he evidence was sufficient to permit a jury reasonably to conclude that Garnett was unaware of the full extent of the danger . . . .").

The trial court erred by taking the question of whether the defect was open and obvious—and therefore whether the defendant had a duty to warn about the defect—away from the jury. The summary judgment should therefore be vacated, the decision reversed, and the case remanded for trial.

## II. Even if the defect was "open and obvious," obviating a duty to warn, Kohl's had a duty to remedy the defect to prevent foreseeable injury.

Even if the trial court correctly held, as a matter of law, that the spatula's placement was "open and obvious" to the plaintiff, the trial court erred by granting summary judgment. The trial court erred because, even if Kohl's had no duty to *warn* the plaintiff of the dangerous condition, Kohl's still had a duty to maintain its premises in a reasonably safe condition, which the trial court ignored. The trial court failed to consider this duty in its decision granting summary judgment. For this reason, the trial court's ruling should be reversed.

19

A.    The *Gargano* rule.

A defendant's duty to warn an invitee of dangers that the invitee could not reasonably be expected to discover is "[i]n addition to" a defendant's duty to maintain its premises in a reasonably safe condition. *Gargano*, 110 Conn.App. at 508. Even where a property owner has no duty to warn an invitee of an open and obvious danger known to the invitee, the property owner still has a duty "to inspect and maintain the premises in order to render them reasonably safe for the reasonably foreseeable activities which would occur there during the invitee's presence." *Id*. The trial court failed to consider this duty of the defendant Kohl's in this case.

In *Gargano*, the plaintiff fell through a hole in the floor of a house undergoing renovation. The defendants filed a motion for summary judgment, contending that the plaintiff was aware of the open and obvious hole, and as such, they owed no duty of care to the plaintiff. The trial court granted the defendants' motion for summary judgment.

The Connecticut Appellate Court reversed. Although "there was no question that [the plaintiff] knew the hole was there," and the trial court properly concluded the defendants had no duty to warn about it, the plaintiff argued that the defendants had "an additional duty owed to an invitee other than the duty to warn, namely, the duty to inspect and

20

maintain the premises to render them reasonably safe." The Appellate Court agreed.

As the Appellate Court explained, "[u]nder the common law, a possessor of land owes an invitee two separate duties: the duty to inspect and maintain the premises to render them reasonably safe, and the duty to warn of dangers that the invitee could not reasonably be expected to discover." (citing, *inter alia*, *Kopjanski v. Festa*, 160 Conn. 61, 65 (1970) ("The duty which the defendant [property owner] owed to [the plaintiff invitee] was to use reasonable care to see that the premises were constructed and maintained so as to be reasonably safe. *As an adjunct to that duty to use reasonable care* the defendant [property owner] had the duty to warn the plaintiff . . . .") (emphasis added)).

"[O]nly the duty to *warn* is obviated by the open and obviousness of a defect." *Gargano*, citing *Fleming*, 231 Conn. at 84 (emphasis in original). "The common law does not hold, however, that a possessor of land need not inspect and maintain the premises if the invitee has knowledge of the dangerous condition. . . . [A] possessor of land has a duty to maintain the premises in a reasonably safe condition, despite the openness and obviousness of a defect of which an invitee has knowledge." *See also Hartmann*, 16 Conn.App. at 9. ("[E]ven if the allegedly defective nature of

21

the saw was found by the jury to be open and obvious to the plaintiff, a finding of negligence was still possible predicated on the plaintiff's other allegations of negligence.").

### B. Application of the *Gargano* rule.

The trial court in this case made the same error as the trial court in *Gargano*. Because, like in *Gargano*, the trial court failed to consider the "two separate and distinct duties to an invitee," the trial court, like in *Gargano*, erroneously concluded that the defendant owed no duty to the plaintiff in the present case and granted the motion for summary judgment. Like in *Gargano*, the trial court should be reversed.

To be sure, at trial, the defendant would be entitled to argue that "a store owner is not an insurer of its customers' safety." *Meek v. Wal Mart*, 72 Conn.App. 467, 478 (2002) (affirming trial court's additur and judgment in favor of plaintiff struck by falling merchandise). The defendant is free to argue, as an affirmative defense, that the plaintiff was comparatively negligent. *See* Conn. Gen. Stat. § 52-572h (abolishing the common law doctrine of contributory negligence in Connecticut and instituting a statutory doctrine of comparative negligence).

But the defendant never argued, and the trial court never held, that the plaintiff's actions in reaching up for the spatula and jumping was "an

22

independent act of negligence which the merchant cannot reasonably be expected to foresee or guard against," *Meek*, 72 Conn.App. at 478. Nor could they. As the plaintiff's expert opined—and the defendant's expert acknowledged—injury caused by hanging a spatula too high and providing no tool or staff to assist in getting it down is entirely foreseeable.

Indeed, the trial court stated that "whether plaintiff jumped . . . is immaterial to the Court's determination that summary judgment is inappropriate." JA288 n.1. The trial court's decision was driven by its belief that, if the condition was open and obvious as a matter of law, as it held, the defendant owed no duty to the plaintiff. We believe the trial court's ruling that the condition was open and obvious was erroneous. But even if the trial court's ruling was correct, the trial court's belief that the defendant therefore owed no duty to the plaintiff was wrong. The trial court's ruling granting summary judgment should therefore be reversed.

## CONCLUSION

The trial court erred by concluding that no genuine dispute of material fact exists as to whether the dangerous condition of the hanging spatula was "open and obvious" to the plaintiff, and therefore, whether the defendant had no duty to warn of the condition as a matter of law.

23

But even if the trial court's conclusion was correct that the condition was "open and obvious," the trial court erred by granting summary judgment. Even if the defendant had no duty to warn the plaintiff of the open and obvious condition of the hanging spatula, the defendant had a duty to maintain its premises in a reasonably safe condition. The trial court correctly concluded that a genuine dispute of fact exists as to whether the spatula's placement was an unreasonably dangerous condition. The plaintiff presented evidence that the defendant failed to remedy the condition, such as by hanging the spatula lower, providing a step stool, or adequately staffing their store.

Under Connecticut law, the lack of a duty to warn does not mean the lack of a duty to keep the premises reasonably safe. The trial court's error was an understandable oversight that has occurred before in the Connecticut state courts, such as in *Gargano*. Considering that binding Connecticut state law precedent, this Court is obligated to reverse the district court.

Because a reasonable jury could conclude that the defendant breached its duty to keep its premises reasonably safe, and the defendant has failed to demonstrate entitlement to judgment as a matter of law, the

trial court erred by granting summary judgment, the decision should be vacated and reversed, and this case remanded for further proceedings.

Respectfully submitted,

PLAINTIFF-APPELLANT
MARY ANN DUDZINSKI

Alexander T. Taubes, Esq.
ALEXANDER T. TAUBES
470 James Street, Suite 007
New Haven, CT 06513
Tel. 203-909-0048
Email: alextt@gmail.com

*Attorney for Plaintiff-Appellant Mary Ann Dudzinski*

## <u>CERTIFICATION OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS</u>

I hereby certify that this brief complies with the type-volume limitations of Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure, as modified by Second Circuit Local Rule 32.1(a)(4), in that this brief contains 5,095 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

I further certify that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32 (a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Palatino font.

Dated:    May 14, 2024

26